UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Herbert St. Clair, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A. d/b/a Capital One Auto Finance and Minnesota Recovery Bureau, Inc.,<br><br>Defendants. | Civil No. 12-1572 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS** |

Thomas J. Lyons, Jr. and Brandon T. McDonough, Consumer Justice Center, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, for Plaintiff.

Aaron Van Oort, Molly Streiff, and Jane Dall Wilson, Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for Defendant Capital One Bank.

Sally J. Ferguson and Beth A. Jenson Prouty, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402, for Defendant Minnesota Recovery Bureau, Inc.

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Defendant Capital One Bank's Motion to Dismiss (Docket No. 3) and Defendant Minnesota Recovery Bureau, Inc.'s Motion to Dismiss (Docket No. 16). The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on November 30, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Thomas J. Lyons, Jr. and Brandon T. McDonough appeared on behalf of Plaintiff. Aaron Van Oort and Molly Streiff appeared on behalf of Defendant Capital One Bank ("Capital One"). Sally J. Ferguson appeared

on behalf of Minnesota Recovery Bureau, Inc. ("MRB").

For the reasons discussed below, the Court recommends that Capital One's Motion to Dismiss be granted and that MRB's Motion to Dismiss be granted in part and denied in part.

## BACKGROUND

Plaintiff James Herbert St. Clair alleges that Defendant MRB violated the Fair Credit Reporting Act ("FRCA") and the Driver's Privacy Protection Act ("DPPA") when it accessed information about St. Clair from the Minnesota Department of Driver and Vehicle Services ("DVS") database to use in connection with repossessing his car. St. Clair alleges that Defendant Capital One, which contracted with MRB for the car repossession, is liable for MRB's actions based on theories of vicarious liability. Both defendants have brought motions to dismiss.

According to the Complaint, St. Clair obtained a vehicle loan from Capital One in 2007 and executed a note granting Capital One a security interest in the vehicle. (Docket No. 1, Compl. ¶¶ 8-10.) St. Clair fell behind on his loan payments in early 2012. (*Id.* at ¶ 12.) Thereafter, Capital One hired MRB to repossess the vehicle. (*Id.* at ¶ 13.)

On April 16, 2012, MRB repossessed the vehicle from a parking lot outside St. Clair's home. (Compl. ¶ 28.) At some point prior to repossession, MRB accessed the DVS database and obtained information about St. Clair. (*Id.* at ¶ 22.) To access the database, MRB used a third-party's login information. (*Id.* at ¶ 23.) On May 4, 2012, St. Clair received a letter from DVS advising him that an internal audit revealed that an employee of a vehicle repossession company had improperly obtained a third-party's login information to access the database. (*Id.* at ¶ 29.) The letter states that "[a]n internal audit conducted by [DVS] revealed that motor vehicle records were viewed by unauthorized person(s). . .[t]he DVS audit found that an

employee at a Minnesota car dealer, who was authorized to access vehicle data to process consumer sales, allegedly provided his system login information to a friend who worked at a vehicle repossession company. That individual, who did not have authorization to access Minnesota vehicle records, either viewed the data or allowed others within the company to view the data." (*Id.* at Ex. 1.)

## DISCUSSION

I.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). It must not, however, give effect to conclusory allegations of law. *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary

judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). MRB has submitted affidavits with attached exhibits in support of its motion. It argues that the Court may consider the affidavits and exhibits without converting its motion into one for summary judgment because the documents are embraced by the pleadings. The Court finds that MRB's affidavits and exhibits are not materials "necessarily embraced by the pleadings" because they are not "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003). The Court will not consider evidence outside of the pleadings and confines its analysis to Plaintiff's Complaint. Therefore, the Court will not convert MRB's motion to dismiss to a motion for summary judgment.

## II. CAPITAL ONE'S MOTION TO DISMISS

Capital One moves to dismiss Count III, Vicarious Liability of Defendant Capital One, the only claim St. Clair pleaded against it. St. Clair alleges in Count III that Capital One is vicariously liable for MRB's actions through the theory of respondeat superior because MRB's actions were within the scope of employment by Capital One. St. Clair also alleges in Count III that Capital One is vicariously liable for MRB's actions because Capital One had non-delegable duties that MRB violated in the course of repossessing the vehicle. Capital One argues that St. Clair has alleged insufficient facts to state a plausible claim that MRB was Capital One's employee for purposes of respondeat superior liability and that St. Clair's allegation of non-delegable duties fails as a matter of law.

### A. Respondeat Superior

An employer may be held liable for torts committed by an employee acting in the scope of his employment pursuant to the doctrine of respondeat superior. *Restatement (Third) of*

*Agency* § 2.04. "[A]n employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work." *Id.* at § 7.07. "An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control." *Id.*

St. Clair contends that MRB was Capital One's employee when it repossessed his vehicle. St. Clair's Complaint alleges that "Capital One hired Defendant MRB to locate Plaintiff and take possession of the Vehicle as collateral for the Note by the use of involuntary self-help repossession" and that "Defendant Capital One hired Defendant MRB to locate Plaintiff to take his property involuntarily by self-help repossession." (Compl. ¶¶ 13, 16.) The Complaint further alleges that "Capital One had a right to control the manner and means by which Defendant MRB attempted to locate consumers to take their property involuntarily by self help" and "Defendant Capital One provided various tools to Defendant MRB for locating consumers in its work on behalf of Defendant Capital One." (*Id.* at ¶¶ 66-67.)

The Court finds that St. Clair has failed to plead sufficient facts to make plausible a claim that Capital One was MRB's employer. Rather, St. Clair offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that are insufficient as a matter of law. *Iqbal*, 556 U.S. at 678; *see also, e.g.*, *Lancaster v. N. States Power Co.*, Civ. No. 11-619, 2011 WL 5444115, at *2-3 (D. Minn. Nov. 9, 2011) (plaintiffs' claims dismissed where complaint offered no facts to support their claim of an agency relationship). Such "legal conclusions or 'formulaic recitation[s] of the elements of a cause of action'. . .may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Here, St. Clair's complaint offers no factual content beyond the bare allegations that Capital One "hired MRB" and "provided various tools" and the legal conclusion that Capital One "had a right to control the

5

manner and means" of MRB's work. *See Restatement (Third) of Agency* § 7.07. St. Clair argues that he is unable to offer any further factual allegations because such facts "tend systemically to be in the sole possession of defendants." *Braden*, 588 F.3d at 598. However, "a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit." *Id.* St. Clair does not offer such sufficient factual allegations to satisfy the Rule 12(b)(6) standard.

### B. Non-Delegable Duty

St. Clair also asserts vicarious liability against Capital One based on alleged non-delegable duties. Although a "principal generally is not liable for physical harm to another caused by an independent contractor's acts or omissions," Capital One still may be liable for MRB's alleged actions "if repossession of the [] automobile by the Bank involved a nondelegable duty or created special risks which were inherent in the contemplated work to be performed by" MRB. *See Nichols v. Metro. Bank*, 640 N.W.2d 637, 640 (Minn. App. Ct. 1989). St. Clair acknowledges that the FCRA and DPPA do not make their duties non-delegable, but argues that there is a non-delegable duty requiring secured creditors to conduct self-help repossessions lawfully under Minnesota common law.

Under Minnesota law, a secured creditor has a non-delegable duty to perform self-help repossessions without breach of the peace. Minn. Stat. § 336.9-609; *see also Nichols*, 435 N.W.2d at 640 ("The duty to repossess property in a peaceable manner is specifically imposed on a 'secured party' by the uniform commercial code. . .[a]ccordingly, a secured party may not delegate to third persons the secured party's duty to repossess in a peaceable manner.") St. Clair supports his argument that there is a broader non-delegable duty to comply with the law generally in attempting to collect debts by citing *James v. Ford Motor Credit Co*, 842 F. Supp.

6

1202, 1207 (D. Minn. 1994) ("Ford becomes liable for the actions of Klave and Special Agents because the duty to collect debts lawfully is non-delegable under Minnesota law.") and *Akerlund v. TCF Nat'l Bank*, Civ. No. 99-1537, 2001 WL 1631440, *3 (D. Minn. June 11, 2001) ("TCF would therefore be liable for the actions of Gallagher and MRB because the duty to collect debs lawfully is non-delegable under Minnesota law."). Although St. Clair's selected excerpts may seem to support his position when read in isolation, the cases cited by St. Clair indisputably involved a breach of the peace and the selected excerpts when read in context self-evidently refer to breaches of the peace. St. Clair's argument is not supported by Minnesota law; no Minnesota case has ever held that a secured creditor has a non-delegable duty to conduct self-help repossessions lawfully in general.

The non-delegable duty not to breach the peace extends to conducting self-help repossessions without "violation of the public order, a disturbance of public tranquility, by an act or conduct inciting to violence or tending to provoke or excite others to breach the peace [including] any violation of any law enacted to preserve peach and good order." *Saice v. MidAmerica Bank*, Civ. No. 98-2396, 1999 WL 33911356, at *2 (D. Minn. Sept. 30, 1999); *Bloomquist v. First Nat'l Bank of Elk River,* 378 N.W.2d 81, 85 (Minn. Ct. App. 1986). Here, St. Clair has not alleged any breach of peace. As such, his argument that Capital One may be held liable for breaching a non-delegable duty fails.

For these reasons, the Court recommends that St. Clair's Count III, Vicarious Liability of Defendant Capital One, be dismissed. However, St. Clair's vicarious liability claim against Capital One based on respondeat superior liability should be dismissed without prejudice. If St. Clair uncovers additional facts supporting such a theory, he may move to amend his complaint.

St. Clair's vicarious liability claim based on non-delegable duties should be dismissed with prejudice.

## III. MRB'S MOTION TO DISMISS

MRB moves to dismiss both claims that St. Clair pleaded against it: Count I, Violations of the DPPA, and Count II, Violations of the FCRA.

### A. Count I – Violations of the DPPA

"The DPPA regulates disclosure of personal information contained in state motor vehicle records." *Cook v. ACS State & Local Solutions, Inc.*, 663 F.3d 989, 992 (8th Cir. 2011). The DPPA generally limits the state's ability to disclose a driver's personal information to third parties without the driver's consent; this prohibition also extends to persons who have obtained the information from the state. *See id.* (citing 18 U.S.C. §§ 2721-2722). Section 2722 defines unlawful acts as follows:

> (a) Procurement for unlawful purpose. - It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title.
>
> (b) False representation. - It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record.

18 U.S.C. § 2722. The DPPA authorizes a private right of action when "[a] person. . .knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter" and the information pertains to the individual bringing suit. 18 U.S.C. § 2724.

St. Clair alleges in Count I that MRB violated the DPPA by knowingly obtaining personal information about him from a motor vehicle record without a permissible purpose in violation of 18 U.S.C. § 2722(a) and falsely representing its identify to DVS to obtain personal

8

information from a motor vehicle record in violation of 18 U.S.C. § 2722(b). (Compl. ¶¶ 41-43.) MRB argues that St. Clair's claim that MRB violated § 2722(a) must be dismissed because the information it obtained about St. Clair "from" the DVS database was not "personal information" as defined by the statute. MRB further argues that St. Clair's claim that MRB violated § 2722(b) must be dismissed because there is no private right of action pursuant to that section of the statute.

### 1. Violation of 18 U.S.C. § 2722(a)

MRB argues that St. Clair's DPPA claim should be dismissed because the data about St. Clair MRB obtained "from a motor vehicle record" did not constitute "personal information." "Personal information" under the DPPA is defined as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

The complaint alleges that the DVS database accessed by MRB contains "information that can be used to identify individuals, including individuals' names, addresses, photographs, social security numbers, telephone numbers, and medical and disability information," as well as "records pertaining to motor vehicle operators' permits, motor vehicle titles, motor vehicle registrations, and identification cards issued by DVS" and "information regarding traffic violations, arrests, or the absence of traffic violations or arrests." (Compl. ¶¶ 16-18.) The Complaint further alleges that "the personal information obtained by Defendant MRB included Plaintiff's photograph, social security number, or medical or disability information." (*Id.* at ¶ 24.)

The Complaint has adequately alleged that the information regarding St. Clair that MRB accessed and obtained from the DVS database, which specifically includes "Plaintiff's photograph, social security number, or medical or disability information," constitutes personal information under the DPPA. St. Clair's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief [under the DPPA] that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678. MRB's arguments in support of dismissal are based entirely on evidence outside the pleadings submitted in connection with the motion, which the Court has determined it will not consider. For this reason, the Court recommends that MRB's motion to dismiss Count I pursuant to Rule 12(b)(6) be denied.

In addition, even if the Court considered the evidence outside the pleadings on which MRB relies, it would still recommend that the motion to dismiss Count I be denied. Relying on its supporting affidavits and exhibits, MRB concedes that it recorded the following information about St. Clair from the DVS database (and therefore obtained such information "from a motor vehicle record"): (1) license plate number, (2) license plate expiration date, (3) vehicle color, (4) both drivers licensed to given address, and (5) date of birth. (*See* Docket No. 18, MRB's Mem. at 14.) MRB cites *Camara v. Metro-North R.R.*, 596 F. Supp. 2d 517, 523, n. 9 (D. Conn. 2009) for the proposition that date of birth is not "personal information" under the DPPA. However, other courts have found date of birth to constitute personal information under the DPPA. *See, e.g.*, *Senne v. Vill. of Palatine*, 695 F.3d 597,608 (7th Cir. 2012) ("The otherwise protected information actually disclosed here included Mr. Senne's full name, address, driver's license number, date of birth, sex, height and weight."); *Dahlstrom v. Sun-Times Media, LLC*, No. 12-C-658, 2012 U.S. Dist. LEXIS 12583, at *7 (N.D. Ill. Sept. 5, 2012) ("Respectfully, the Court disagrees with *Camara*. . .Accordingly, the Court concludes, the information that

Defendant published falls within the ambit of "personal information" under the DPPA."). Further, even if the Court agreed with MRB that date of birth was not "personal information," it is undisputed that one of the pieces of information MRB obtained from the DVS database is confirmation that St. Clair's address was the same as the address provided to MRB by Capital One. The definition of "personal information" found in the DPPA specifically lists "address" as an item of personal information. 18 U.S.C. § 2725(3). The Court therefore rejects MRB's argument that, as a matter of law, it did not obtain "personal information" about St. Clair from the DVS database.

        2.     Violation of 18 U.S.C. § 2722(b)

MRB argues that St. Clair's claim that MRB violated 18 U.S.C. § 2722(b) by "falsely represent[ing] its identify to DVS to obtain personal information from a motor vehicle record" should be dismissed because § 2722(b) provides no private right of action. In response to MRB's motion to dismiss, St. Clair conceded this point. (*See* Docket No. 28, Pl.'s Mem. at 4, n. 2.)

> The private right of action created under 18 U.S.C. § 2724(a) reiterates the statutory language found in § 2722(a), but contains no similar reference to the false representation language in § 2722(b). Thus, the logical inference from the structure and express language of the Driver's Privacy Act reveals Congress' intent to create a private right of action under § 2722(a), but to leave the enforcement of a violation of § 2722(b) to the United States Department of Justice.

*Miller v. Image Data LLC*, 91 Fed. Appx. 122, 127 (10th Cir. 2004). *See also Wiles v. Worldwide Info., Inc.*, 809 F. Supp. 2d 1059, 1082-83 (W.D. Mo. 2011); *Bailey v. Daniels*, 679 F. Supp. 2d 713, 723 (W.D. La. 2009). Accordingly, the Court recommends that Count I, St. Clair's DPPA claim, be dismissed in part, as to violation of 18 U.S.C. § 2722(b).

B.    **Count II – Violations of the FCRA**

"The FCRA was enacted 'to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.'" *In re Northwest Airlines Privacy Litig.*, No. 04-126, 2004 WL 1278459, at *3 (D. Minn. June 6, 2004) (quoting 15 U.S.C. § 2681(a)). "The FCRA regulates access to individuals' consumer reports," and "an entity may gain access to an individual's consumer report only with the written consent of the individual, unless the consumer report is to be used for certain permissible purposes." *Klonsky v. RLI Ins. Co.*, No. 2:11-cv-250, 2012 WL 114031, at *2 (D. Vt. April 4, 2012) (internal quotations omitted). Section 1681b(f) provides that:

> A person shall not use or obtain a consumer report for any purpose unless –
>
> (1) The consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) The purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

St. Clair alleges in Count II that the information about him contained in the DVS database is a "consumer report" and that MRB violated the FCRA because it (a) "obtained and used Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. § 1781b(f)(1)" and (b) "obtained and used Plaintiff's consumer report without accurately certifying its identity and purpose in accordance with 15 U.S.C. § 1681e. . .in [] violation of 15 U.S.C. § 1861b(f)(2)." (Compl. ¶¶ 49-51.)  MRB argues that St. Clair's claim that MRB violated the FCRA must be dismissed because the information it obtained from the DVS database is not a "consumer report" as a matter of law.

A "consumer report" is defined as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity,

character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-

    (A) credit or insurance to be used primarily for personal, family, or household purposes;

    (B) employment purposes; or

    (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). The Complaint alleges that the DVS database contains "information that bears on each individual's character, general reputation, and mode [of] living, including but not limited to information regarding traffic violations, arrests, or the absence of traffic violations or arrests." (Compl. ¶ 17.) The Complaint further alleges that the "information obtained by Defendant MRB included Plaintiff's photograph, social security number, or medical or disability information." (*Id.* at ¶ 25.)

The Appendix to the applicable section of the Code of Federal Regulations provides guidance on when motor vehicle records such as those maintained by DVS may be consumer reports. "While the FTC's interpretation of the FCRA does not have the force of law, it should be viewed in light of the fact that the Supreme Court has 'long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.'" *Klonsky v. RLI Ins. Co.*, No. 2:11-cv-250, 2012 WL 114031, at *2 (D. Vt. April 4, 2012) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844 (1984)). Motor vehicle records are considered to be "consumer reports when they are sold by a Department of Motor Vehicles for insurance underwriting purposes and contain information bearing on a consumer's 'personal characteristics,' such as arrest information." 16 C.F.R. 600, App. at § 603(d)(4)(C) (Federal Trade Commission ("FTC") Official Commentary on the FCRA). *See also RLI Ins. Co. v. Klonsky,* 771 F. Supp. 2d 314, 333 (D. Vt. 2011). Underwriting

purposes include "whether or not to issue a policy to the consumer, the amount and terms of coverage, the duration of the policy, the rates or fees charged, or whether to renew or cancel a policy." 16 C.F.R. 600, App. at § 603(d)(4)(C)(1). Here, St. Clair has not alleged that the information MRB accessed from the database was used or expected to be used for insurance underwriting purposes. Rather, he alleged that "MRB sought this additional information to aid its efforts to locate Plaintiff and take the Vehicle" and that the individual whose log-in information MRB used was an employee of a car dealership. (Compl. ¶ 27, Ex. A.) The Court cannot infer from the facts alleged that either MRB or a car dealership employee would use the motor vehicle information for insurance underwriting purposes. Therefore, the Court finds that St. Clair's FCRA claim fails as a matter of law because he has not alleged facts supporting that the motor vehicle record obtained by MRB from the DVS was a "consumer report."[1] For this reason, the Court recommends that MRB's motion to dismiss be granted with respect to Plaintiff's Count II, Violation of the FCRA.[2]

---

[1] Similarly, "[s]tate motor vehicle departments are 'consumer reporting agencies' if they regularly furnish motor vehicle reports containing information bearing on the consumer's 'personal characteristics,' such as arrest information, to insurance companies for insurance underwriting purposes." 16 C.F.R. 600, App. at § 603(f)(10). St. Clair has not alleged that DVS regularly furnishes motor vehicle reports containing information bearing on the consumer's personal characteristics, such as arrest information, to insurance companies for insurance underwriting purposes, and has therefore not sufficiently alleged that DVS is a consumer reporting agency. That DVS is a consumer reporting agency is a prerequisite to St. Clair's claims under the FCRA.

[2] As discussed above, the Court has not considered the extra-pleading materials submitted by MRB in reaching its recommendations. If the Court had considered Exhibit A to Mr. Beattie's affidavit, which Mr. Beattie represents is a motor vehicle query form showing the information generated by a query of the DVS database (*See* Docket No. 19, Affidavit of T. Beattie, Ex. A), such information would have been fatal to Plaintiff's claims even if Plaintiff had adequately pleaded that the report was used or intended to be used for insurance underwriting purposes, because the motor vehicle query form does not contain information bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

## RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Capital One Bank's Motion to Dismiss (Docket No. 3) be **GRANTED** and that Capital One Bank be dismissed without prejudice from this action.

2. Defendant Minnesota Recovery Bureau, Inc.'s Motion to Dismiss (Docket No. 16) be **GRANTED IN PART AND DENIED IN PART** as follows:

    a. That the motion be **granted** with respect to that part of Count I (Violations of the DPPA) asserting violations of 28 U.S.C. § 2722(b) and that the motion otherwise be **denied** with respect to Count I; and

    b. That the motion be **granted** with respect to Count II of Plaintiff's Complaint (Violations of the FCRA).

Dated: January 22, 2013
*s/ Arthur J. Boylan*
Chief Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 5, 2013.