UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES HERBERT ST. CLAIR, on behalf of,
himself and all others similarly situated,    Civil No. 12-1572 (MJD/AJB)

    Plaintiff,

v.    O R D E R

CAPITAL ONE BANK (USA), N.A., d/b/a
Capital One Auto Finance and MINNESOTA
RECOVERY BUREAU, INC.,

    Defendants.

---

The above-entitled matter comes before the Court on Plaintiff's objections to the Report and Recommendation of Chief Magistrate Judge Arthur J. Boylan dated January 22, 2013. Specifically, Plaintiff objects only to the recommendation that this Court grant Defendant Minnesota Recovery Bureau's ("MRB") motion to dismiss Plaintiff's Federal Credit Reporting Act ("FCRA") claim.

Pursuant to statute, the Court has conducted a de novo review of that portion of Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b).

Plaintiff's claim under the FCRA is based on a letter he received from the Minnesota Department of Public Safety ("MDPS") notifying him that his vehicle registration data may have been accessed illegally. (Complaint, Ex. 1.) The letter further provided:

> The DVS audit found that an employee at a Minnesota car dealer, who was authorized to access vehicle data to process consumer sales, allegedly provided his system login information to a friend who worked at a vehicle repossession company. That individual, who did not have authorization to access Minnesota vehicle records, either viewed the data or allowed others within the company to view the data.

(Id.) Plaintiff alleges that MRB is the repossession company referenced in the letter, and that MRB obtained Plaintiff's motor vehicle record for an impermissible purpose, in violation of 15 U.S.C. § 1681b(f)(1). (Comp. ¶ 50.) Plaintiff further alleges that MRB obtained and used his motor vehicle record without accurately certifying its identity and purpose, in violation of 15 U.S.C. § 1681b(f)(2). (Id. ¶ 51.)

To state a claim for damages under the FCRA, Plaintiff must show that MRB obtained a consumer report from the DVS without a permissible purpose. 15 U.S.C. § 1681b(f)(1). A consumer report, as defined under the FCRA, is

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness,

2

credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

    (A) credit or insurance to be used primarily for personal, family, or household purposes;

    (B) employment purposes; or

    (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

Plaintiff argues that he has plausibly stated a claim under the FCRA because the facts alleged create a reasonable inference that the DVS provided Plaintiff's motor vehicle record because it believed such record was being requested by an authorized car dealership to process a consumer sale. (Comp. Ex. 1.)

In the Report and Recommendation, the Magistrate Judge determined that the motor vehicle record is not a "consumer report" as defined under the FCRA, unless it was sold for insurance underwriting purposes and the report contained information bearing on the consumer's personal characteristics. (Report and Recommendation at 13.) In support, the Magistrate Judge relied on Federal Trade Commission Commentary, and court decisions adopting such

3

commentary. As Plaintiff has pointed out, however, the Commentary was rescinded in July 2011. See Federal Register, Vol. 76, No. 143, July 26, 2011 at p. 44462-44463 (Decision of Federal Trade Commission to rescind its Statement of General Policy and comprehensive commentary on the FCRA because recent legislation transferred authority to issue interpretive guidance under the FCRA to the Consumer Financial Protection Bureau, and because the commentary did not address the many amendments to the FCRA). Because the Commentary has been rescinded, those decisions cited in the Report and Recommendation for the proposition that a motor vehicle record can only be considered a consumer report if sold for insurance underwriting purposes are called into doubt. The Court further notes that the Eighth Circuit has not yet addressed this issue, nor does any circuit appear to have adopted a per se rule that a motor vehicle record can only be considered a consumer report when the report is issued for insurance underwriting purposes.

The statutory text of the FCRA provides that a consumer report includes a communication that bears, in whole or in part, in establishing a consumer's eligibility for credit as well as insurance. 15 U.S.C. § 1681a(d)(1). In deciding whether the motor vehicle record is a "consumer report" the Court must keep in

mind that "almost any information about consumers arguably bears on their personal characteristics or mode of living." Phillips v. Grendahl, 312 F.3d 357, 365 (8th Cir. 2002) abrogated on other grounds in Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007). Thus, for purposes of determining whether Plaintiff has stated a claim under the FCRA, the Court finds that Plaintiff has sufficiently alleged that DVS released his motor vehicle record believing the data was to be used for a consumer transaction. The Court also finds that, for purposes of stating a claim, Plaintiff has sufficiently alleged facts that the motor vehicle record includes information that bears on Plaintiff's character, general reputation, and mode of living. (Comp. ¶ 17.)[1]

MRB nonetheless argues that the Court should dismiss Plaintiff's FCRA claim on the basis that DVS is not a consumer reporting agency. The Court disagrees. The FCRA defines "consumer reporting agency" as

> **any person which, for monetary fees**, dues, or on a cooperative nonprofit basis, **regularly engages in whole or in part in the practice of assembling or evaluating** consumer credit information or **other information on consumers for the purpose of furnishing consumer reports to third parties**, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

---

[1] In so finding, the Court has not considered the exhibits attached to the Affidavit of Thomas Beattie (Doc No. 19), as Plaintiff challenges the authenticity of those exhibits.

15 U.S.C. § 1681a(f) (emphasis added).

Plaintiff has alleged that DVS compiles data, in part, for use by businesses as a factor in making decisions with respect to consumer transactions, that DVS charges a fee for access to its database, and provides a unique login to businesses to ensure the data is used only for purposes permitted by law and to serve as a certification that the use has a permissible purpose to access the data. (Comp. ¶¶ 18-21.) For purposes of determining a motion to dismiss, the Court finds that Plaintiff has included sufficient allegations in the Complaint that DVS is a consumer reporting agency when it allows a car dealership access to its records for a fee.

Based on the above, the Court will not adopt that portion of the Report and Recommendation addressing Plaintiff's FCRA claim.

**IT IS HEREBY ORDERED** that:

1. Defendant Capital One Bank's Motion to Dismiss (Docket No. 3) is **GRANTED** and that Capital One Bank is dismissed without prejudice from this action.

2. Defendant Minnesota Recovery Bureau, Inc.'s Motion to Dismiss (Docket No. 16) is **GRANTED IN PART AND DENIED IN PART** as follows:

a. That the motion is **granted** with respect to that part of Count I (Violations of the DPPA) asserting violations of 28 U.S.C. § 2722(b) and that the motion otherwise is **denied** with respect to Count I; and

b. That the motion is **denied** with respect to Count II of Plaintiff's Complaint (Violations of the FCRA).

DATED: March 18, 2013.

                                             s/ Michael J. Davis
                                             Chief Judge Michael J. Davis
                                             United States District Court

Civil No. 12-1572