UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 12-cv-1572 MJD/JSM

| | |
|---|---|
| James Herbert St. Clair and Alee Thao, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>Minnesota Recovery Bureau, Inc. and Thomas Beattie, individually,<br><br>     Defendants. | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |

   This matter came on for hearing before the undersigned United States Judge on November 14, 2014, upon motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set for in a Stipulation of Settlement dated February 10, 2014, ("Stipulation") signed by Plaintiffs and the Defendant. All capitalized terms in this Order shall have the meanings given them in the Stipulation.

   On July 9, 2014, the Court entered an Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order"), which: 1) preliminarily approved the Settlement; 2) for purposes of the Settlement, certified plaintiffs class to form the MRB Settlement Class; 3) approved the form and method of notice of the Settlement to members of the MRB Settlement Class; 4) directed that appropriate notice of the Settlement be given to the MRB Settlement Class; and 5) set a hearing date for final approval. (*ECF 81*).

1

In its Preliminary Approval Order, the Court defined the MRB Settlement Class as follows:

> All persons identified during an internal audit by the Minnesota Driver and Vehicle Services Division as having had their motor vehicle records accessed by MRB during the time period from April 21, 2011, through April 6, 2012, inclusive, using a password that was not issued to MRB.

Notice of Settlement was provided by direct mail to the MRB Settlement Class.

2 Class Members have chosen to be excluded from the MRB Settlement Class by filing timely Statements of Exclusion. (*ECF 82*).

0 Class Members have objected to the settlement. (*ECF 82*).

On November 14, 2014, at the United States District Court, 300 South Fourth Street, Minneapolis, Minnesota, Courtroom 15E, the Court held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interest of the MRB Settlement Class ("Settlement Hearing").  At the Settlement Hearing, Plaintiffs and the Class were represented by Consumer Justice Center, P.A. ("Class Counsel").  Defendants were represented by Arthur, Chapman, Kettering, Smetak & Pikala, P.A.

The Court having heard arguments of counsel for the parties, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has personal jurisdiction over Plaintiffs, Defendants, and the Class Members, and subject matter jurisdiction over the Action and the Settlement.

B. The provisions of the Preliminary Approval Order, that conditionally certified the MRB Settlement Class, should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure Section 23(e) for the purposes of implementing the terms provided for in the Settlement.

C. The Preliminary Approval Order required Plaintiffs' Counsel / Analytics to file a declaration of compliance with the notice provisions of that Order. Pursuant to the Preliminary Approval Order, Plaintiffs' counsel has filed the required declaration.

D. The form, content, and method of dissemination of the notice given to the MRB Settlement Class was adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

E. The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the MRB Settlement Class.

F. Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G. Plaintiffs and all Class Members (except those who timely filed Statements of Exclusion), all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation of Settlement.

H. The provisions of the Stipulation of Settlement, including definitions of the terms used therein, are hereby incorporated by references as though fully stated herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the MRB Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement. Upon the Settlement becoming effective, as defined in the Stipulation, MRB will provide the relief to the Class Members in the manner and at the times provided for in the Stipulation.

2. Judgment shall be, and hereby is, entered dismissing all claims that were or could have been asserted in this action by Plaintiffs and the Class Members with prejudice, on the merits, and without taxation of costs in favor of or against any party.

3. Plaintiffs and all Class Members are hereby conclusively deemed to have forever released, relieved, discharged, covenanted not to sue or proceed in any way against, and consent to be enjoined from suing (i) Minnesota Recovery Bureau, Inc.; (ii) Thomas Beattie, individually; (iii) all past and present employees, agents, officers, shareholders, partners, representatives, and directors of MRB; (iv) all entities that are direct or indirect parents or subsidiaries of MRB; (v) all entities that are directly or indirectly under common control with MRB; (vi) all partnerships, insurers, indemnitors, attorneys, heirs, predecessors, successors, and assigns of MRB; (vii) all entities which MRB has added as named insureds on its insurance policies; and (viii) all entities that

hire MRB to do repossession work, including, but not limited to, Capital One Bank (USA), N.A. d/b/a Capital One Auto Finance, their parents, or subsidiaries ("Released Parties"), from and for any and all actions, causes of action (in law or equity), suits, claims, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs, and expenses (including attorney fees), known and unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, which they have, will have, had, ever had, claim to have, claim to have ever had, against any of the Released Parties based in whole or in part on, arising out of, or related in any way to the violation or alleged violation of the Fair Credit reporting Act and/or Driver's Privacy Protection, including, the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in the Action. All of the above are referred to collectively as the "Settled Claims."

4. Solely with respect to Settled Claims, Plaintiffs and all Class Members are hereby adjudged to have expressly waived or relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any statute or law which might otherwise render a release unenforceable with respect to the Settled Claims.

5. Plaintiffs and all Class Members in the MRB Settlement Class are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which they or any of them had or may have against the Released Parties, or any of them, arising out of, based upon, or otherwise related to the Settled Claims described above.

6.       The Court hereby decrees that neither the Stipulation of Settlement nor this final judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any of them, of any liability or wrongdoing.  This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

7.       The parties to the Stipulation of Settlement, and their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this final judgment, or the administration of the vouchers to Class Members, except for their own willful misconduct.

8.       The Court shall award Class Counsel such reasonable attorneys' fees and costs in an amount of $55,000.  Defendant MRB also agrees that, within five business days after the Effective Date of the Court's Order on Class Counsel's Fee Petition, MRB will pay any Class Counsel Award.  Plaintiff James Herbert St. Clair as Class Representative will receive a fee in the amount of $3,000 and Class Representative Alee Thao will receive a fee in the amount of $1,000.  These class representative awards are for reimbursement of their time, risk, and contribution made toward securing the benefits for the Class Members.  Such amounts as awarded shall be paid by MRB within five business days of the date that the final judgment becomes effective, as defined in the Stipulation of Settlement.

9. The Court hereby retains and reserves jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Stipulation of Settlement and this Order for Final Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: November 14, 2014.      s/ Michael J. Davis
Chief Judge Michael J. Davis
United States District Court
Civil No. 12-1572